**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **KRISHNA JONES CLANTON, p/k/a DR. SPIRIT,**<br><br>Plaintiff,<br><br>v.<br><br>**WALDEN UNIVERSITY, LLC, WALDEN E-LEARNING, LLC, AND COVISTA INC.,**<br><br>Defendants. | Case No. __________________ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Walden University, LLC ("Walden"), Walden e-Learning, LLC ("Walden e-Learning"), and Covista Inc. ("Covista") (collectively, "Defendants") remove this action from the Superior Court of Fulton County in the State of Georgia to the United States District Court for the Northern District of Georgia at Atlanta. In support of this Notice of Removal, Defendants state the following:

### Procedural History

1. Plaintiff Krishna Jones Clanton ("Plaintiff") filed this action on August 31, 2026 in the Superior Court of Fulton County, Civil Action Number 26CV12264, against Defendants.

2. Plaintiff alleges four causes of action against Defendants: appropriation of name and likeness in violation of Georgia common law (Count I), violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq., (Count II), violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)) (Count III), and negligence in violation of Georgia common law (Count IV). Compl. ¶¶ 112–160.

3. Defendants were served on October 5, 2026.

## Grounds for Removal

4. This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because Count III arises under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). The action is therefore removable under 28 U.S.C. § 1441(a).

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's Georgia-law claims (Counts I, II, and IV) because they arise from the same case or controversy as the Lanham Act claim — the alleged use of Plaintiff's image and likeness.

6. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction in cases where the amount-in-controversy exceeds $75,000 and complete diversity of citizenship exists among the parties.

7. The amount-in-controversy requirement is satisfied because Plaintiff seeks compensatory damages, punitive damages, and enhanced damages (i.e., three times the actual damage amount), as well as other relief – which exceeds $75,000 (exclusive of interest and costs). Compl. ¶¶ 161–67; *see also* 28 U.S.C. § 1446(c)(2)(A)(ii) (permitting removal where "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded").

8. Complete diversity of citizenship exists among the parties because the matter is between citizens of different States, with no defendants sharing citizenship of any State with Plaintiff. 28 U.S.C. § 1332(a)(1).

9. Plaintiff, an individual, resides in Georgia and is accordingly a citizen of Georgia for diversity purposes. Compl. ¶ 1.

10. Walden, an LLC, is a wholly owned subsidiary of Walden e-Learning, LLC, which is Walden's only member. Walden e-Learning, LLC is a wholly owned subsidiary of Covista Inc., which is Walden e-Learning, LLC's only member. Covista Inc. is incorporated in Delaware, with its principal place of business in Illinois. Defendants are accordingly citizens of Delaware and Illinois for diversity purposes. *See e.g.*, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) (explaining that establishing citizenship of

an LLC requires tracing membership to the citizenship of ultimate non-LLC members).

11. Because the parties to this action are citizens of Georgia, Delaware, and Illinois, with no defendant sharing citizenship of any State with Plaintiff, complete diversity of citizenship exists.

12. Removal is proper to this Court because the underlying action is pending in the Superior Court of Fulton County. Fulton County is within the Atlanta Division of the United States District Court for the Northern District of Georgia. 28 U.S.C. § 90(a)(2).

**Procedural Requirements for Removal**

13. Defendants can properly remove this action to this Court because they are not citizens of the State of Georgia. 28 U.S.C. § 1441(b)(2).

14. All Defendants — Walden University, LLC, Walden e-Learning, LLC, and Covista Inc. — join in and consent to this removal. 28 U.S.C. § 1446(b)(2)(A).

15. This removal is timely filed because it is being filed within 30 days of Defendants being served. 28 U.S.C. § 1446(b)(1).

16. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on Plaintiff and file the same with the

Clerk of the Superior Court of Fulton County, in accordance with 28 U.S.C. § 1446(d).

17. True and correct copies of all process, pleadings, and orders docketed in the underlying action are attached hereto as **Exhibit 1**.

**Non-Waiver of Defenses**

18. By removing this action from the Superior Court of Fulton County, Defendants do not waive any defenses available to them.

19. By removing this action from the Superior Court of Fulton County, Defendants do not admit any of the allegations in the Complaint.

Accordingly, Defendants remove the above-captioned action from the Superior Court of Fulton County in the State of Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendants respectfully request that the Clerk of the Court assign this action to a United States District Judge for further proceedings.

* * * *Certificates and signatures on following pages.* * * *

Dated: November 4, 2026

Respectfully submitted,

/s/ *Daniel B. Millman*
Daniel Millman (GA Bar No. 603728)
Joshua F. Barnette (GA Bar No. 116909)
**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30308
(404) 739-8800
dmillman@stites.com
jbarnette@stites.com

and

Molly Bruder Fox*
Shannon Reid*
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
mbfox@steptoe.com
sreid@steptoe.com
* – *Pro hac vice* forthcoming
*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing Notice of Removal was prepared using one of the font and point selections approved by this Court in LR 5.1(c), NDGa, specifically, 14-point Times New Roman.

*/S/ Daniel B. Millman*
Daniel B. Millman

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Notice of Removal and supporting materials attached thereto were filed on November 4, 2026, through the Court's CM/ECF system, and will be sent electronically to registered participants as identified on the Notice of Electronic Filing.

I further certify that a true and correct copy of the foregoing Notice of Removal and supporting materials attached thereto were served on Plaintiff's counsel by first-class mail on November 4, 2026, at the mailing address listed on the Complaint:

Lauren A. Warner
Brittany Cambre
Grubman Warner Beny, LLP
1834 Independence Sq.
Atlanta, GA 30338
lwarner@gwbfirm.com
bcambre@gwbfirm.com

/s/ *Daniel B. Millman*
Daniel B. Millman